IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROOKS, Petitioner, v. CONNIE GIPSON, Respondent. | No. C 13-1352 LHK (PR) ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE (Docket Nos. 3, 4) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has submitted a Certificate of Funds, signed by an authorized officer, that indicates that Petitioner had an average monthly balance of $ 28.51 for the past six months, and an average monthly deposit of $ 16.21 in his inmate trust account.[2] Thus, Petitioner's application for leave to proceed in forma pauperis is DENIED.

For the reasons that follow, the Court orders Respondent to show cause why the petition

[1] Petitioner initially brought this action against Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Connie Gipson, the current warden of California State Prison - Corcoran, is hereby substituted as Respondent.

[2] Petitioner's motion to enlarge time to submit an in forma pauperis application is GRANTED. Petitioner's application is deemed timely filed.

should not be granted.

**BACKGROUND**

Petitioner challenges his second degree murder conviction and 15-year to life sentence imposed by the San Francisco County Superior Court on March 6, 2009. In 2010, the California Court of Appeal affirmed the judgment, and in 2011, the California Supreme Court denied the petition for review. Petitioner then filed unsuccessful state habeas petitions in the Superior Court, California Court of Appeal, and the California Supreme Court. The instant federal petition was filed on March 26, 2013.

**DISCUSSION**

**A. <u>Standard of Review</u>**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. <u>Petitioner's Claims</u>**

Petitioner claims that: (1) the trial court erred in prohibiting the admission of Petitioner's brain images via Single Photon Emission Computerized Tomography into evidence; (2) the trial court erred in permitting the prosecution to introduce testimony in rebuttal that was not presented in its case-in-chief; (3) the trial court's instruction on involuntary manslaughter was improper; (4) counsel rendered ineffective assistance; and (5) the trial court's denial of a motion for mistrial based on juror misconduct was erroneous. Liberally construed, these claims are cognizable for federal habeas review. The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

**CONCLUSION**

1. Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner

must pay the $5 filing fee within **thirty (30) days of the date of this order or face dismissal of this action for failure to pay the filing fee.**

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the Court and serve on Petitioner a reply within **fourteen days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/28/13

LUCY H. KOH
United States District Judge