IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE BROOKS, | ) | No. C 13-1352 LHK (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING |
| v. | ) ) | APPLICATION TO PROCEED *IN FORMA PAUPERIS*; SETTING |
| MATTHEW CATE, | ) ) | BRIEFING SCHEDULE |
| Respondent. | ) ) | (Docket Nos. 14 & 15) |

On March 26, 2013, petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus. On May 29, 2013, the court denied petitioner's motion for leave to proceed *in forma pauperis* ("IFP"), and directed petitioner to pay the $5.00 filing fee within thirty days. On July 16, 2013, after having received no payment from petitioner, the court dismissed this action for failure to pay the filing fee. On July 31, 2013, petitioner filed a motion to reinstate his petition alleging that he had made a request to his counselor to send the $5.00 filing fee to this court. On September 26, 2013, having received no payment, the court denied petitioner's motion to reinstate his petition. The court informed petitioner that it would consider re-opening this action, if and when he either paid the filing fee or filed a renewed motion for leave to proceed IFP demonstrating that he has insufficient funds to pay the filing fee. On October 15, 2013, petitioner filed a motion for reconsideration and an application to proceed IFP. (Docket Nos. 14, 15.)

1    Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where
2 one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;
3 (2) newly discovered evidence that by due diligence could not have been discovered before the
4 court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of
5 the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v.
6 ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the present motion, petitioner does not
7 dispute the validity of the court's denial of his IFP application filed on May 8, 2013. Rather,
8 petitioner argues that he "is indigent, has no outside sources of money, and is employed within
9 the CDCR for less than $0.18 per hour. As he owes restitution, [he] receives only 45% of that
10 monthly pay." (Docket No. 15.) Petitioner's Inmate Statement Report indicates that petitioner
11 had an average monthly balance of $5.69 for the past six months, and an average monthly
12 deposit of $15.93 in his inmate trust account. (Docket No. 16.) This information is different
13 than that indicated on his first IFP application and therefore petitioner has demonstrated a valid
14 basis justifying reconsideration.

15    Petitioner's motion for reconsideration is **GRANTED**. The Clerk of the court is directed
16 to **RE-OPEN** this action. Petitioner's IFP application filed October 14, 2013, is **GRANTED**.
17 On May 23, 2013, this court screened petitioner's petition and found cognizable the following
18 claims: (1) the trial court erred in prohibiting the admission of petitioner's brain images via
19 Single Photon Emission Computerized Tomography into evidence; (2) the trial court erred in
20 permitting the prosecution to introduce testimony in rebuttal that was not presented in its case-
21 in-chief; (3) the trial court's instruction on involuntary manslaughter was improper; (4) counsel
22 rendered ineffective assistance; and (5) the trial court's denial of a motion for mistrial based on
23 juror misconduct was erroneous. The court orders respondent to show cause why the petition
24 should not be granted as to the above issues.

25    This order terminates docket numbers 14 and 15.
26 //
27 //
28 //

**CONCLUSION**

1. Petitioner's motion for reconsideration (docket no. 15), is **GRANTED**. The Clerk shall **RE-OPEN** this case. Petitioner's motion for leave to proceed IFP (docket no. 14), is **GRANTED**.

2. The Clerk shall serve by mail a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner. A copy of the petition and all attachments thereto were previously mailed to respondent and respondent's attorney on May 30, 2013.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal

of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 12/4/13

_Lucy H. Koh_
LUCY H. KOH
United States District Judge