IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROOKS,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | No. C 13-01352 BLF (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO IMPOSE SANCTIONS ON RESPONDENT**<br><br>(Docket No. 45) |

Petitioner, a California prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed an "objection to magistrate's order [and] motion to impose sanctions against defendant's [*sic*]." (Docket No. 45.) Petitioner objects to the Court's Order filed on June 5, 2015, denying his request to vacate a previous court order granting Respondent an extension of time to file an answer in this matter and to impose sanctions. (*See* Docket No. 40.) The Court denied the motion because Respondent had shown good cause for the extension and had served Petitioner at the address listed on the docket. (*Id.*)

Petitioner now argues that the motion was improperly denied "based on the presumption that it was Petitioner's fault that the Respondent failed to respond because of a bogus address on Petitioner which the State (might) have on file." (Docket No. 45.)

Petitioner is simply mistaken in believing that the Court attributed responsibility for Respondent's failure to respond on Petitioner. The Court simply pointed out that the address which Respondent used to serve Petitioner was the one indicated on the docket, which is also the same address Petitioner has indicated on the instant motion. (*See* Docket Nos. 35-1, 35-2, 40 and 45.) Accordingly, the Court reasonably determined that the fact that Petitioner did not receive notice of Respondent's motion[s] could not be attributed to Respondent. Because Respondent showed good cause for the request for extension of time and properly served Petitioner, there was no basis for imposing sanctions. Accordingly, Petitioner's motion is DENIED.

Petitioner is reminded that Respondent filed an answer to the Court's Order to Show Cause on August 7, 2015, a copy of which was mailed to Petitioner on the same day. (*See* Docket No. 43-2.) Accordingly, Petitioner's traverse is currently due within thirty (30) days of his receipt of the answer. (*See* Docket No. 34 at 5.)

This order terminates Docket No. 45.

**IT IS SO ORDERED.**

DATED: Aug 19, 2015

BETH LABSON FREEMAN
United States District Judge